UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ANGEL VELEZ,

                         Plaintiff,

         -against-

JOHN McHUGH, Secretary of the Army[1],

                       Defendant.

--------------------------------------------------------X

**MEMORANDUM DECISION
AND ORDER**

09 Civ. 0925 (GAY)

        Plaintiff Angel Velez alleges that his employer, the Department of the Army

("Army"), discriminated against him by failing to promote him because of his race and

national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.

§ 2000e *et seq.*  Presently before this Court is Defendant's motion for summary

judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FRCP").  For the

reasons set forth below, Defendant's motion is granted.[2]

## I.  BACKGROUND

        The following facts – taken in the light most favorable to Plaintiff – are gleaned

from the parties' statements pursuant to Local Civil Rule 56.1 of the United States

District Courts for the Southern and Eastern Districts of New York, from the pleadings

and from affidavits, affirmations and exhibits submitted by the parties in support of their

contentions.

---

        [1]The Court has substituted the current Secretary of the Army in the caption.

        [2] This action is before me for all purposes on the consent of the parties, pursuant
to 28 U.S.C. §636(c).

**A.     Plaintiff's Employment and Non-Selection for Promotion**

Plaintiff Velez is a Hispanic man from Puerto Rico.  He has been employed by the Army as a pipefitter at the United States Military Academy at West Point, New York since approximately 1981.

On August 17, 2007, the Army issued an announcement for a temporary position of Pipefitter Work Leader.  This supervisory position was located at West Point and open to both agency employees and non-agency United States citizens.  Lists of the best qualified candidates were made for both internal and external applicants.  Plaintiff applied for the position and was placed on the list of best qualified internal applicants.  However, the hiring official responsible for filling the position chose not to make a selection from the internal list, as he would be unable to backfill the position vacated by the employee and would therefore be short a worker.  The position was ultimately offered to Plaintiff's Caucasian co-worker, who had erroneously applied as a non-agency employee and was on the external best qualified list.  However, the Caucasian co-worker declined the position, which went unfilled.

On October 1, 2007 the Army re-advertised the position, this time solely to agency employees.  A list of the six best qualified internal applicants was created, including Plaintiff and the Caucasian co-worker who had previously been offered the position.  Interviews were conducted on November 21, 2007, and the four-person panel asked each candidate the same series of questions.  The position was subsequently offered to the same Caucasian co-worker as before, who again declined to accept it.  A second Caucasian co-worker was then offered the position, which he accepted.  Plaintiff learned of his non-selection in December 2007.

2

On February 14, 2008 Plaintiff filed his EEO complaint alleging that his non-selection for the supervisory position was due to discrimination against him based on his race and national origin.  The Army denied Plaintiff's EEO complaint on December 18, 2008, finding that management had advanced legitimate, non-discriminatory reasons for not promoting Plaintiff, and that Plaintiff had failed to produce sufficient evidence that those reasons were a pretext for discrimination.

Plaintiff commenced the instant action on February 3, 2009.

## II.  DISCUSSION

### A.    Legal Standard

Summary judgment is appropriate only where there are no genuine issues of material fact in dispute, and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Bryant v. Mafucci, 923 F.2d 979, 982 (2d Cir. 1991).  A fact is material when its resolution would "affect the outcome of the suit under the governing law" and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party and must draw all permissible inferences in favor of that party from the submitted affidavits, exhibits, interrogatory answers, and depositions.  Anderson, 477 U.S. at 255; Vann v. City of New York, 72 F.3d 1040, 1048-49 (2d Cir. 1995).  "Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment."  Jeffreys v. City of New York, 426 F.3d 549, 554 (2d Cir.

3

2005).  However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007).

Caution should be exercised in addressing summary judgment motions in discrimination cases where intent and state of mind are at issue because "careful scrutiny of the factual allegations may reveal circumstantial evidence to support the required inference of discrimination."  Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000) (citations omitted).  Nonetheless, the Second Circuit has expressly "remind[ed the] district courts that the impression that summary judgment is unavailable to defendants in discrimination cases is unsupportable."  See Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quotation and citation omitted).  On the one hand, mere conclusory allegations of discrimination will not defeat a summary judgment motion; a plaintiff in a discrimination case must proffer "concrete particulars" to substantiate his claim.  See Meiri v. Dacon, 759 F.2d 989, 998 (2d Cir. 1985).  On the other hand, courts must be aware of the fact that "discrimination will seldom manifest itself overtly."  Bickerstaff v. Vassar Coll., 196 F.3d 435, 448 (2d Cir. 1999).  Courts must therefore "carefully distinguish between evidence that allows for a reasonable inference of discrimination and evidence that gives rise to mere speculation and conjecture."  Id.  Thus, the ultimate question in deciding a summary judgment motion in a discrimination case "is whether the evidence can reasonably and logically give rise to an inference of discrimination under all of the circumstances."  Id.

**B.  Title VII Claims**

As Plaintiff presents no direct evidence of discrimination, the Court analyzes his claim of Title VII discrimination pursuant to the three-step burden shifting analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973); see Schnabel v. Abramson, 232 F.3d 83, 87 (2d Cir. 2000).  Under the McDonnell Douglas framework, the plaintiff must first establish a prima facie case of discrimination by demonstrating that: (1) he belongs to a protected class; (2) he suffered an adverse employment action or decision; (3) he was performing his duties satisfactorily; and (4) the circumstances surrounding the employment action or decision give rise to an inference of discrimination.  See Dawson v. Bumble & Bumble, 398 F.3d 211, 216 (2d Cir. 2005).  Plaintiff's burden of establishing a prima facie case is "minimal."  St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993).

If a plaintiff establishes his prima facie case, a presumption that the employer unlawfully discriminated against the employee is raised and the burden then shifts to the employer "to produc[e] evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason.  This burden is one of production, not persuasion; it can involve no credibility assessment."  Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 143 (2000) (quotation and citation omitted).

Should the defendant put forth legitimate, nondiscriminatory reasons for the action or decision, the plaintiff must then demonstrate that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.  See St. Mary's Honor Ctr., 509 U.S. at 507-08.  "A plaintiff is not required to show that the employer's proffered reasons were false or played no role in the employment

5

decision, but only that they were not the only reasons and that the prohibited factor was at least one of the motivating factors." Cronin v. Aetna Life Ins. Co., 46 F.3d 196, 203 (2d Cir. 1995). In determining whether the plaintiff has met this burden, the court must take a "case-by-case" approach that weighs "'the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports [or undermines] the employer's case.'" James v. New York Racing Ass'n, 233 F.3d 149, 156 (2d Cir. 2000) (quoting Reeves, 530 U.S. at 148-49).

Plaintiff, however, must proffer more than speculative, unsupported allegations to rebut an employer's proffered non-discriminatory reasons for its actions. "To allow a party to defeat a motion for summary judgment by offering purely conclusory allegations of discrimination, absent any concrete particulars, would necessitate a trial in all Title VII cases." Meiri, 759 F.2d at 998. In other words, although the burden of production shifts, "the ultimate burden rests with the plaintiff to offer evidence sufficient to support a reasonable inference that prohibited [age, gender, race or national origin] discrimination occurred." Woodman v. WWOR-TV, Inc., 411 F.3d 69, 76 (2d Cir. 2005) (quotation and citation omitted).

**1.     Plaintiff's Prima Facie Case and Defendant's Rebuttal**

It is undisputed that Plaintiff has demonstrated the first three elements of the McDonnell Douglas test: he is a member of a protected class, who had been placed on a list of qualified applicants and was not selected for promotion. In addition, the final element of a prima facie case of discrimination may be established where, as here, the plaintiff shows that the position sought went to a person outside his protected class. Mitchell v. Northern Westchester Hosp., 171 F.Supp.2d 274, 278 (S.D.N.Y. 2001).

6

Thus, the burden shifts to the Defendant to articulate legitimate, nondiscriminatory reasons for choosing a Caucasian individual over Plaintiff.

Defendant has offered evidence of several nondiscriminatory reasons as to why Plaintiff was not selected for the sought-after position.  First, the position was a supervisory one requiring strong communication and interpersonal skills, as well as an ability to encourage subordinates to work together.  Plaintiff failed to demonstrate such required skills at his interview, and was known by the panel members – who had worked with the Plaintiff for many years -- to have a difficult personality generally. Second, an important aspect of the position involved the scheduling of plumbers. Plaintiff was unenthusiastic about these scheduling duties and the interview panel felt that his temperament was ill-suited to interaction with the plumbers.  In fact, when Plaintiff had been temporarily detailed to the position previously, he was not assigned the scheduling duties because of his attitude.  Third, the position required use of a computer program with which Plaintiff was unfamiliar.   During the interview, rather than express interest in learning the program – as the candidate who ultimately garnered the position did -- Plaintiff blamed his lack of familiarity with the computer program on others.  In short, Plaintiff performed poorly at his interview and did not demonstrate the necessary personality traits and skills the interview panel was looking for in a successful candidate.

**2.     Plaintiff's Proffer of Evidence Supporting a Finding of Discrimination**

In light of Defendant having articulated several nondiscriminatory reasons for Plaintiff's non-selection for the supervisory position, Plaintiff's claim can survive summary judgment only if he "has raised sufficient evidence upon which a reasonable

7

jury could conclude by a preponderance of the evidence that the decision [not to promote him] was based, at least in part, on the fact that" he was a Hispanic and/or a person of Puerto Rican descent.  Holcomb v. Iona College, 521 F.3d 130, 141 (2d Cir. 2008).  Plaintiff argues that the Defendant's reasons must be pretextual because he was eminently qualified for the job, and had more years of experience than the selected candidate.  However, "the court must respect the employer's unfettered discretion to choose among qualified candidates."  Byrnie v. Town of Cromwell, Bd. of Educ., 243 F.3d 93, 103 (2d Cir. 2001).  While Plaintiff was qualified for the position, *all* of the candidates on the internal list had been found to be qualified prior to the interview.  It therefore cannot be said that the selection of another candidate, possibly with fewer years experience but possessing the relevant skills, was unreasonable or a pretext for discrimination.

Additionally, Plaintiff asserts that one of the panel members occasionally made racially offensive comments to another Hispanic man in the workplace.  However, these comments were not made to Plaintiff, were not in reference to the Plaintiff, and did not relate to the selection of a candidate for the position.  In fact, the panel member alleged to have made these comments was the only panel member to have somewhat supported Plaintiff's selection.  Thus, there is an insufficient nexus between the alleged racial slurs and the adverse action Plaintiff complains of.  See Cartagena v. Ogden Services Corp., 995 F.Supp. 459, 463 (S.D.N.Y. 1998).

In sum, Plaintiff offers only speculative and conclusory statements as evidence of discrimination.  This Court therefore concludes that Plaintiff has failed to put forth sufficient evidence from which a reasonable jury could find that Plaintiff's non-selection

8

for promotion was motivated by discrimination.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is **granted**.  The Clerk of Court is directed to terminate the motion (Docket #29) and close the case.

Dated: March ___, 2011                    **SO ORDERED**:

      White Plains, New York

                                    GEORGE A. YANTHIS, U.S.M.J.